**E. Jean (Calloway) CARTER, Plaintiff,**

**v.**

**SEDGWICK COUNTY, KANSAS; the Board of County Commissioners of Sedgwick County; Jon R. Cameron; Michael R. Brand; Donald E. Gragg; Tom Scott; Bernard Hentzen; and Timothy Witsman, Defendants.**

**No. 87–1114–K.**

United States District Court, D. Kansas.

Feb. 16, 1988.

J. Greg Kite, Beverly Dempsey, Wichita, Kan., for plaintiff.

Warner Moore, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

This matter is before the court on defendants' motion for partial summary judgment. Plaintiff, E. Jean Carter, is a black female who brought this action against Sedgwick County, the Board of Sedgwick County Commissioners—both collectively and individually, and the former and current directors of the Department of Sedgwick County Community Corrections, alleging she suffered sexual harassment, and was unlawfully terminated and discriminated against due to her sex and race. She asserts claims pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 1983; Title VII, 42 U.S.C. § 2000e *et seq.;* and the First and Fourteenth Amendments to the United States Constitution.

In the pending motion, the defendants contend they are entitled to summary judgment on the Title VII claim because the plaintiff is exempted as an employee entitled to protection under the Act, pursuant to 42 U.S.C. § 2000e(f); and the individual defendants, Cameron, Gragg, Scott, Hentzen and Witsman, seek summary judgment as to any individual liability. The plaintiff has conceded that these individually-named defendants were at all times acting in their official capacities within the scope of their employment and are thus exempt from liability pursuant to K.S.A. 75–6116. Therefore, each of these individually-named defendants will be dismissed.

The sole issue to be addressed by the court is whether the plaintiff is exempt from coverage under Title VII pursuant to 42 U.S.C. § 2000e(f). For the reasons set forth herein, the court finds that she is *not* an exempted employee, and so will deny the defendants' motion for summary judgment as to the Title VII claim.

The facts applicable to this motion are uncontroverted. The plaintiff was hired as an "office associate" for the Department of Sedgwick County Community Corrections on June 23, 1983. She was hired by John Cameron, who, at that time, was the director of the department. Defendant Michael Brand was the assistant director. The director position is filled by appointment by the Board of County Commissioners.

The plaintiff's responsibilities as an office associate were purely clerical in na-

ture. She made no policy decisions. Her position was termed "classified exempt" according to the Personnel Policy and Procedures Manual adopted by the Board of County Commissioners. In this, as an "office associate", she was theoretically "exempt from the normal employment procedures, grievance rights and termination policies."

On February 22, 1985, John Cameron resigned from his position as Director of Community Corrections. Michael Brand was appointed to replace him as director on February 25, 1985. On that same day, Brand requested plaintiff's resignation because, as he told her, "I don't want you for my office associate." Plaintiff's employment was subsequently terminated.

Thereafter, this lawsuit ensued. In her complaint, plaintiff claims that during the course of her employment she was continually harassed and discriminated against due to her sex and race, and that her termination was unlawful.

In this motion, defendants argue that as an "office associate", a "classified exempt" position, plaintiff is not an "employee" entitled to bring an action under Title VII. 42 U.S.C. § 2000e(f) defines "employee", and specifically excludes certain persons from the definition:

> The term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal power of the office.

Basically, four classes of persons are excluded from Title VII's definition of "employee": (1) those elected to public office; (2) those chosen by an elected official to be on that official's personal staff; (3) those appointed to a policymaking position; and (4) those who are immediate advisers to elected officials with respect to their constitutional or legal powers. Thus, unless plaintiff's position as an "office associate" fits into one of these categories, plaintiff will be able to maintain a Title VII action. In other words, *only* those employees with job duties or appointments falling within one of the specified categories can be excluded from Title VII coverage. The Sedgwick County Policy and Procedure Manual cannot enlarge upon the requirements of the statute or be more encompassing in its exemptions than the federal statute itself.

In this case, the plaintiff's position was not an elected position, nor was she on an elected official's personal staff. Therefore, she will only be exempt from coverage if her position as an "office associate" is on the "policymaking" level.

■ Congress intended the exclusions from employee status to be narrowly construed. *Joint Explanatory Statement of Managers at the Conference on H.R. 1746,* 92nd Cong.2d Sess., *reprinted in* 1972 Code Cong. & Ad. News 2137, 2179–80. Courts have adhered to this intent by limiting the "policymaking" exclusion under Title VII. *See, e.g., Anderson v. City of Albuquerque,* 690 F.2d 796 (10th Cir.1982); *Hall v. Lowery,* 545 F.Supp. 1152 (E.D.Ark. 1982); *Marafino v. St. Louis County Circuit Court,* 537 F.Supp. 206 (D.Mo.1982).

Here, it is uncontroverted that plaintiff's responsibilities were purely clerical. She made no policy and was not considered to be working at a "policymaking level." Therefore, this court must conclude that she falls within the definition of a Title VII "employee", despite her "classified exempt" designation.

IT IS ACCORDINGLY ORDERED this 16th day of February, 1988, that defendants' motion for summary judgment as to the individual liability of defendants Cameron, Gragg, Scott, Hentzen and Witsman is granted; and defendants' motion for summary judgment on plaintiff's Title VII claim is denied.